IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| BRITTANY PRETTY,<br><br>      Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner,<br>Social Security Administration,<br><br>      Defendant. | No. 3:23-cv-00066-JJV |

## MEMORANDUM AND ORDER

Plaintiff, Brittany Pretty, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff is young. She was only thirty-eight years old at the time of the administrative hearing. (Tr. 42.) She is a high school graduate and attended some college. (*Id.*) She has past relevant work as a mail carrier. (Tr. 29-30.)

The Administrative Law Judge[1] (ALJ) found Ms. Pretty had not engaged in substantial gainful activity since her alleged onset date – December 23, 2017. (Tr. 20.) She has "severe" impairments in the form of "psoriatic arthritis, fibromyalgia, bipolar I disorder and anxiety disorder." (*Id.*) The ALJ further found Ms. Pretty did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 21-24.)

The ALJ determined Ms. Pretty had the residual functional capacity to perform a reduced range of light work given her mental and physical limitations. (Tr. 24.) The ALJ determined Ms. Pretty could no longer perform her past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert (Tr. 62-65), the ALJ determined Ms. Pretty could perform the jobs of mail clerk, final inspector, and hand packager. (Tr. 31.) Accordingly, the ALJ determined Ms. Pretty was not disabled. (*Id.*)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of her complaint, Plaintiff argues the ALJ improperly considered her subjective allegations. (Doc. No. 8 at 29-30.) Plaintiff says, "Here, the ALJ alluded briefly to his duties under the regulation and concluded that Pretty's statements about the intensity, persistence, and limiting effects of her conditions were not consistent with the record (Tr. 27), but he did not even approach a Polaski analysis." (*Id.*)

Although Plaintiff surely disagrees, I find the ALJ fully complied with SSR 16-3p. There is no legal error here. The ALJ followed the appropriate regulations and provided ample support for his conclusions when considering Plaintiff's subjective allegations of pain and limitation. (Tr. 24-29.) As the Commissioner correctly argues, the ALJ could properly consider the lack of objective medical evidence when discounting Plaintiff's subjective allegations. And upon my own close review of the treatment records, I find the objective treatment notes fail to support limitation to the degree Plaintiff asserts. (Tr. 25-26, 420-21, 437, 439, 442, 463-467, 497, 519, 542, 642, 718, 721, 723, 725, 728, 758-759, 774, 779, 793-794.)

Second guessing an ALJ's credibility assessment is an agonizing task. Plaintiff clearly suffers from limitation and has some serious health issues. Plaintiff's counsel makes compelling arguments, and I am sympathetic to Ms. Pretty's claims. However, the objective medical records simply fail to support Plaintiff's claim of complete disability.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  Although Plaintiff has been diagnosed with serious illnesses - including elusive fibromyalgia - the treatment records fail to show marked limitation in her ability to perform work related activities at the light exertional level.

I have also considered Plaintiff's statements regarding her fibromyalgia.  (Doc. No. 8 at 31-34.)  I take seriously that fibromyalgia is a chronic condition, difficult to diagnose, and it can be disabling.  Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision on this basis.

Plaintiff also disagrees with the ALJ's residual functional capacity assessment.  (*Id.* at 30-36.)  She suggests the ALJ should have developed the record and obtained opinion evidence from Plaintiff's treating or examining physicians.  (*Id.* at 31.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed.  She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  I find no error here.

Plaintiff is reminded she had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  The ALJ is permitted to issue a decision without obtaining additional evidence if the record is sufficient to make an informed decision.  *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  Accordingly, the ALJ fully and fairly developed the record here.

Plaintiff has advanced other arguments which I find are without merit. Ms. Pretty's counsel, as usual, has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 20th day of September 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE